UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD A. BARKER, | ) | CV F 03 6100 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTIONS FOR JUDICIAL NOTICE |
| v. | ) | |
| | ) | [Docs. # 36, 37] |
| | ) | |
| GAIL LEWIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 28, 2003, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. By order of the Court dated August 5, 2003, the action was transferred to the Fresno Division of the Eastern District of California.

On February 16, 2005, Petitioner filed a motion requesting the Court take judicial notice of a Findings and Recommendation issued in another case from the Eastern District of California: Coleman v. Board of Prison Terms, Case No. CIV-S-96-0783 LKK PAN P. On March 23, 2005, Petitioner filed a motion requesting the Court take judicial notice of an Order and a Findings and Recommendation issued in another case from the Eastern District of California: Irons v. Carey, Case

1  No. CIV-S-04-00220 LKK GGH P.

2  **DISCUSSION**

This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980). Although a court may take judicial notice of orders filed by other courts, a court may not take judicial notice of the truth of another court's findings so as to supply the "facts essential to support a contention in a cause then before it." Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir.2003), *citing* M/V Am Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir.1983). Therefore, judicial notice of the orders' genuineness and existence is proper, but the findings in the decisions cannot be utilized to prove a fact in the instant case. See id., at 1114, n.5 ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice.").

Accordingly, good cause having been presented to the Court and good cause appearing therefor, Petitioner's request for judicial notice of the *existence* of the court findings in the various cases submitted by Petitioner upon review of the merits of Petitioner's claims to the extent the cases are appropriate.[1,2]

---

[1] See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999) (Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable.); see also Ninth Circuit Rule 36-3(a) and (b):

(a) Not Precedent: Unpublished dispositions and orders of this Court are not binding precedent, except where relevant under the doctrine of law of the case, res judicata, and collateral estoppel.

(b) Citation: Unpublished dispositions and order[s] of this Court may not be cited to or by the courts of this circuit, except in the following circumstances.

(i) They may be cited to this Court or to or by any other court in this circuit when relevant under the doctrine of law of the case, res judicata, or collateral estoppel.

(ii) They may be cited to this Court or by any other courts in this circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case.

(iii) They may be cited to this Court in a request to publish a disposition or order made pursuant to Circuit

**ORDER**

Accordingly, Petitioner's motions for judicial notice are hereby GRANTED.

IT IS SO ORDERED.

**Dated:     July 14, 2005**                         **/s/ Lawrence J. O'Neill**
b9ed48                                              UNITED STATES MAGISTRATE JUDGE

---

Rule 36-4, or in a petition for panel rehearing or rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders.

[2]District Court decisions are not controlling but can be considered as persuasive authority. <u>Starbuck v. City & County of San Francisco,</u> 556 F.2d 450, 457 n. 13 (9th Cir.1977) ("The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another."); see also <u>In re Van Wagoner Funds, Inc.</u>, 2004 WL 2623972, *4, fn. 5 (N.D.Cal.2004).