UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. BARKER, ) | 1:03-CV-06100 AWI LJO HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION |
| v. ) | [Doc. #63] |
| ) | |
| GAIL LEWIS, ) | ORDER DENYING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| Respondents. ) | |
| ) | ORDER DISMISSING MOTIONS AS MOOT |
| | [Docs. #64, 66, 68, 71] |
| | |
| | ORDER DIRECTING CLERK OF COURT |
| | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 22, 2006, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED with prejudice.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On October 13, 2006, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  In his objections, Petitioner contends the Magistrate Judge overlooked Petitioner's ex post facto claim. In that claim, Petitioner alleges the changes in California's

1  sentencing laws since the date he was sentenced and all of the parole board's subsequent rules and
2  regulations violate the ex post facto clause.  Petitioner's contention is without merit because his 7-
3  years-to-life sentence was not greater than that permitted by the law in effect when he was sentenced.
4  Because of this, there was no ex post facto violation. See Morales v. California Dep't of Corrections,
5  16 F.3d 1001, 1005-06 (9th Cir.1994), overruled on other grounds by 514 U.S. 499 (1995); Johnson
6  v. Gomez, 92 F.3d 964, 968 (9th Cir.1996); see also California Dep't of Corrections v. Morales, 514
7  U.S. 499, 514 (1995) (noting change in method in fixing parole release date did not violate ex post
8  facto clause).

9       Petitioner also contends the current sentencing scheme under California's Determinate
10 Sentencing Law ("DSL") violates the ex post facto clause pursuant to Garner v. Jones, 529 U.S. 244,
11 256 (2000), because it is vastly different from the Indeterminate Sentencing Law ("ISL") at the time
12 Petitioner was sentenced. This claim is also without merit, because "the DSL guidelines require
13 consideration of the same criteria as did the ISL." Connor v. Estelle, 981 F.2d 1032, 1033-34 (9th
14 Cir.1992).

15      Petitioner also complains the parole board's refusal to hold his parole hearing under the 1975
16 sentencing guidelines denied him all of his earned good time credits in violation of his constitutional
17 rights guaranteed under the ex post facto, equal protection, and due process clauses. This claim was
18 not raised in the petition; therefore, it is not properly before the Court. Cacoperdo v. Demosthenes,
19 37 F.3d 504, 507 (9th Cir.1994).

20      Petitioner next claims the Magistrate Judge failed to address his claim that the Governor
21 maintains a "no-parole policy." This claim, however, is not ripe for adjudication.  Petitioner has not
22 been found suitable for parole, and it is unknown when Petitioner will be found suitable for parole.
23 Petitioner has not been denied the setting of a parole release date by the Governor, and there is no
24 guarantee that Petitioner will automatically be denied parole by the Governor.  Petitioner also argues
25 that the parole board has declined to find him suitable for parole based on the Governor's policy.
26 There is no evidence to support this claim.  Petitioner's assertion that the parole board members'
27 compensation depends on the result of their "unsuitable findings at all parole hearings" is conclusory
28 and unfounded. No mention is made in the decision of the parole board that a "no-parole policy" was

considered or had any weight in its determination.

Therefore, no case or controversy currently exists as to this claim, and there is a real likelihood that Petitioner's claim will never present a case or controversy. The Supreme Court has cautioned against courts "entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). Therefore, the claim is not ripe for adjudication.

With respect to Petitioner's Eighth Amendment claim, Petitioner was convicted of directing and causing the death of two individuals. His sentence of 7 years to life does not raise an inference of gross disproportionality to his crime.[1] Lockyer v. Andrade, 538 U.S. 63 (2003); Ewing v. California, 538 U.S. 11 (2003).

Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner was afforded all of his due process protections at his parole hearing, and the parole board's decision was supported by "some evidence." Greenholtz v. Inmates of Nebraska Penal and Correc. Complex, 442 U.S. 1 (1979); Superintendent, Mass. Correc. Inst. v. Hill, 472 U.S. 445, 455 (1985). His petition must be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued August 22, 2006, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED;

3. All pending motions are DISMISSED as moot; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:    November 19, 2006                     /s/ Anthony W. Ishii**
0m8i78                                                   UNITED STATES DISTRICT JUDGE

---

[1] Petitioner cites to United States v. Bajakajian, 524 U.S. 321, 334 (1998), in support of his proportionality argument. However, the proportionality principle addressed in Bajakajian was in the context of excessive fines and is therefore not applicable.